UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELIZABETH TROIANI, individually and on behalf of her minor son, PAUL ANTHONY -HART <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF SOMERVILLE, CHIEF DONALD CALIGURI, CAPTAIN DANIEL MATTHEWS, SERGEANT JOHN AUFIERO, DANIEL F. REGO, JAMES McNALLY, ANTHONY MANZELLI, THOMAS LEYNE   and JOHN DOE(S) | CIVIL ACTION NO. <br> # 04-10639-RWZ |

## DEFENDANTS JAMES McNALLY, ANTHONY MANZELLI, THOMAS LEYNE AND DANIEL REGO'S ANSWER AND JURY CLAIM

The defendants, James McNally, Anthony Manzelli, Thomas Leyne and Daniel Rego, (hereinafter "Defendants") answer the plaintiffs complaint as follows:

### INTRODUCTION

1. The defendants neither admit nor deny the allegations contained in paragraph 1 of the plaintiffs' complaint as it is a statement of introduction. To the extent there are factual allegations contained therein, those allegations are denied.

### JURISDICTION

2. The defendants neither admit nor deny the allegations contained in paragraph 2 of the plaintiffs' complaint as it is a statement of jurisdiction. To the extent there are factual allegations contained therein, those allegations are denied.

### PARTIES

3. The defendants have insufficient information to either admit or deny the allegations contained in paragraph 3 of the plaintiffs' complaint.

-1-

4.      The defendants have insufficient information to either admit or deny the allegations
        contained in paragraph 4 of the plaintiffs' complaint.

5.      The defendants admit the allegations contained in paragraph 5 of the plaintiffs' complaint.

6.      The defendants admit the allegations contained in paragraph 6 of the plaintiffs' complaint.

7.      The defendants admit the allegations contained in paragraph 7 of the plaintiffs' complaint.

8.      The defendants admit the allegations contained in paragraph 8 of the plaintiffs' complaint.

9.      The defendants admit the allegations contained in paragraph 9 of the plaintiffs' complaint.

10.     The defendants admit the allegations contained in paragraph 10 of the plaintiffs' complaint.

11.     The defendants admit the allegations contained in paragraph 11 of the plaintiffs' complaint.

12.     The defendants admit the allegations contained in paragraph 12 of the plaintiffs' complaint.

13.     The defendants have insufficient information to either admit or deny the allegations
        contained in paragraph 13 of the plaintiffs' complaint.

14.     The defendants deny the allegations contained in paragraph 14 of the plaintiffs' complaint as
        same are conclusions of law.

## FACTS

15.     The defendants have insufficient information to either admit or deny the allegations
        contained in paragraph 15 of the plaintiffs' complaint.

16.     The defendants admit that the plaintiff, Elizabeth Troiani, was assigned to tutor Nocole Erb,
        a Somerville High School student but have insufficient information to either admit or deny
        the remainder of the allegations contained in paragraph 16 of the plaintiffs' complaint.

17.     The defendants deny the allegations contained in paragraph 17 of the plaintiffs' complaint.

18.     The defendants deny the allegations contained in paragraph 18 of the plaintiffs' complaint.

19.     The defendants deny the allegations contained in paragraph 19 of the plaintiffs' complaint.

20.     The defendants deny the allegations contained in paragraph 20 of the plaintiffs' complaint.

21.     The defendants deny the allegations contained in paragraph 21 of the plaintiffs' complaint.

22.     The defendants deny the allegations contained in paragraph 22 of the plaintiffs' complaint.

23. The defendants deny the allegations contained in paragraph 23 of the plaintiffs' complaint.

24. The defendants deny the allegations contained in paragraph 24 of the plaintiffs' complaint.

25. The defendants admit that Officer Lori Murphy of Tufts University was dispatched to the Erb residence on April 5, 2001, but deny the remainder of the allegations contained in paragraph 25 of the plaintiffs' complaint.

26. The defendants deny the allegations contained in paragraph 26 of the plaintiffs' complaint.

27. The defendants deny the allegations contained in paragraph 27 of the plaintiffs' complaint.

28. The defendants deny the allegations contained in paragraph 28 of the plaintiffs' complaint.

29. The defendants admit that Officer Murphy conducted a brief search of the plaintiff but deny the remainder of the allegations contained in paragraph 29 of the plaintiffs' complaint.

30. The defendants admit that Officer Murphy conducted a brief search of the plaintiff but deny the remainder of the allegations contained in paragraph 30 of the plaintiffs' complaint.

31. The defendants deny the allegations contained in paragraph 31 of the plaintiffs' complaint.

32. The defendants deny the allegations contained in paragraph 32 of the plaintiffs' complaint.

33. The defendants deny the allegations contained in paragraph 33 of the plaintiffs' complaint.

34. The defendants deny the allegations contained in paragraph 34 of the plaintiffs' complaint.

35. The defendants deny the allegations contained in paragraph 35 of the plaintiffs' complaint.

36. The defendants admit the allegations contained in paragraph 36 of the plaintiffs' complaint.

37. The defendants have insufficient information to either admit or deny the allegations contained in paragraph 37 of the plaintiffs' complaint.

38. The defendants have insufficient information to either admit or deny the allegations contained in paragraph 38 of the plaintiffs' complaint.

39. The defendants have insufficient information to either admit or deny the allegations contained in paragraph 39 of the plaintiffs' complaint.

40. The defendants have insufficient information to either admit or deny the allegations contained in paragraph 40 of the plaintiffs' complaint.

41. The defendants deny the allegations contained in paragraph 41 of the plaintiffs' complaint.

42.    The defendants deny the allegations contained in paragraph 42 of the plaintiffs' complaint.

43.    The defendants deny the allegations contained in paragraph 43 of the plaintiffs' complaint.

## COUNT I.

44.    The defendants reassert their responses to paragraphs 1-43.

45.    The defendants deny the allegations contained in paragraph 45 of the plaintiffs' complaint.

46.    The defendants have insufficient information to either admit or deny the allegations contained in paragraph 46 of the plaintiffs' complaint.

47.    The defendants have insufficient information to either admit or deny the allegations contained in paragraph 47 of the plaintiffs' complaint.

48.    The defendants deny the allegations contained in paragraph 48 of the plaintiffs' complaint.

49.    The defendants deny the allegations contained in paragraph 49 of the plaintiffs' complaint.

50.    The defendants deny the allegations contained in paragraph 50 of the plaintiffs' complaint.

51.    The defendants deny the allegations contained in paragraph 51 of the plaintiffs' complaint.

52.    The defendants deny the allegations contained in paragraph 52 of the plaintiffs' complaint.

53.    The defendants deny the allegations contained in paragraph 53 of the plaintiffs' complaint.

54.    The defendants deny the allegations contained in paragraph 54 of the plaintiffs' complaint.

55.    The defendants deny the allegations contained in paragraph 55 of the plaintiffs' complaint.

56.    The defendants deny the allegations contained in paragraph 56 of the plaintiffs' complaint.

57.    The defendants deny the allegations contained in paragraph 57 of the plaintiffs' complaint.

58.    The defendants deny the allegations contained in paragraph 58 of the plaintiffs' complaint.

59.    The defendants deny the allegations contained in paragraph 59 of the plaintiffs' complaint.

## COUNT II.

60.   The defendants reassert their responses to paragraphs 1-59.

61.   The defendants deny the allegations contained in paragraph 61 of the plaintiffs' complaint.

62.   The defendants deny the allegations contained in paragraph 62 of the plaintiffs' complaint.

63.   The defendants deny the allegations contained in paragraph 63 of the plaintiffs' complaint.

## COUNT III.

64.   The defendants reassert their responses to paragraphs 1-63.

65.   The defendants deny the allegations contained in paragraph 65 of the plaintiffs' complaint.

## COUNT IV.

66.   The defendants reassert their responses to paragraphs 1-66.

67.   The defendants deny the allegations contained in paragraph 67 of the plaintiffs' complaint.

## COUNT V.

68.   The defendants reassert their responses to paragraphs 1-67.

69.   The defendants deny the allegations contained in paragraph 69 of the plaintiffs' complaint.

70.   The defendants deny the allegations contained in paragraph 70 of the plaintiffs' complaint.

71.   The defendants deny the allegations contained in paragraph 71 of the plaintiffs' complaint

## COUNT VI.

72.   The defendants reassert their responses to paragraphs 1-71.

73.   The defendants deny the allegations contained in paragraph 73 of the plaintiffs' complaint.

74.   The defendants deny the allegations contained in paragraph 74 of the plaintiffs' complaint.

75.   The defendants deny the allegations contained in paragraph 75 of the plaintiffs' complaint

## COUNT VII.

76.    The defendants reassert their responses to paragraphs 1-75.

77.    The defendants deny the allegations contained in paragraph 77 of the plaintiffs' complaint.

78.    The defendants deny the allegations contained in paragraph 78 of the plaintiffs' complaint.

79.    The defendants deny the allegations contained in paragraph 79 of the plaintiffs' complaint

## COUNT VIII.

80.    The defendants reassert their responses to paragraphs 1-79.

81.    The defendants deny the allegations contained in paragraph 81 of the plaintiffs' complaint.

82.    The defendants deny the allegations contained in paragraph 82 of the plaintiffs' complaint.

**WHEREFORE**, the defendants demand judgment in their favor together with interest, costs and attorney's fees.

## THE DEFENDANTS DEMAND A TRIAL BY JURY

### AFFIRMATIVE DEFENSES

1.    The complaint fails to state a claim upon which relief can be granted, as a result of which, this action should be dismissed with prejudice and with costs to the Defendants.

2.    The Plaintiffs is estopped by her own conduct from recovering on this claim.

3.    The Defendants say that the injuries or damages alleged were caused in whole or in part by the Plaintiff's conduct.

4.    The Defendants say that the injuries or damages alleged were caused in whole or in part by the violation by the Plaintiff of the various statutes, ordinances and regulations governing the conduct of the parties at the time said injuries or damages were sustained.

5.    The Individual Defendants are entitled to qualified immunity.

6.    The Defendants' actions were pursuant to standard policy and practice and were reasonable

-6-

and proper.

7. The Defendants were justified in their conduct and acts and are therefore not liable to the Plaintiff.

8. The Defendants say that the Plaintiff was rightly detained and that the detention was for a reasonable period of time.

9. The Defendants say that their actions were performed according to, and protected by law and or legal process, and that therefore the Plaintiff cannot recover.

10. The Defendants say that they were privileged in their conduct and acts and therefore the Plaintiff cannot recover.

11. The Defendants are entitled to immunity based on good faith in that the harm suffered by the Plaintiff was not a result which a reasonable person in Defendants' position would have known to result from their actions.

12. The Defendants states that at all times relevant hereto they had acted without malice toward the Plaintiff and that their actions relative to the Plaintiff were privileged by virtue of their acting reasonably and in good faith within the scope of their authority as Police officers.

13. The individual Defendants have qualified immunity from this suit as the alleged acts complained of occurred within the scope of the Defendants' official duties and the Defendants have no knowledge that said alleged acts were illegal and/or unconstitutional nor were said alleged acts clearly violative of the Plaintiff's rights at the time that they were committed.

14. The Defendants say that the Plaintiff  was rightly detained.

15. The Defendants say that their conduct, acts and alleged use of force were reasonable and justified and that therefore the plaintiffs cannot recover.

-7-

16.    At all times relevant hereto, the individual Defendants were police officers acting within the scope of their authority, and if physical contact was made between the Defendants and the Plaintiffs, such conduct was a fair and reasonable exercise of the Defendants' police powers and is therefore immune from liability and or an award of monetary damages.

17.    The Defendants' conduct or actions were not the proximate cause of the plaintiffs' alleged injuries.

18.    The Plaintiffs have failed to state a cause of action under 42 U.S.C. section 1983 because the Plaintiffs have suffered no deprivation of due process in that law affords the Plaintiffs an adequate remedy.

19.    The Plaintiffs' complaint is frivolous, without any basis in fact or law and not advanced in good faith and therefore the Defendants are entitled to Attorney's fees, costs, and any other sanctions the Court deems appropriate pursuant to G.L. ch 231 section 6F and Fed.R.Civ.P. 11.

20.    The Plaintiffs have failed to comply with the conditions precedent to bringing suit pursuant to M.G.L. ch. 258, and as a result this action must be dismissed.

21.    The Individual Defendants are immune from this action pursuant to M.G.L. ch 258, and therefore the action against them must be dismissed.

22.    The plaintiffs have failed to bring their claim within the applicable statute of limitations and therefore, their claim is barred.

23.    The plaintiffs have failed to comply with F.R.Civ.P. 12(b)(5).

Defendants, Daniel Rego, James McNally,
Anthony Manzelli and Thomas Leyne.
by their attorneys,


Douglas I. Louison  BBO#  545191
James W. Simpson, Jr. BBO# 634344
MERRICK, LOUISON & COSTELLO, LLP
67 Batterymarch Street
Boston, MA 02110
(617) 439-0305


## CERTIFICATE OF SERVICE

I, James W. Simpson, Jr., certify that on the ____ day of April 2004,  I served the foregoing
on all counsel of record.


James W. Simpson, Jr.