FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

U.S. DISTRICT COURT
DISTRICT OF MASS.

ELIZABETH TROIANI, individually and on behalf )
of her minor son, PAUL ANTHONY HART, )
    Plaintiffs )
v. )
)    C.A. NO. 04-10639-RWZ
CITY OF SOMERVILLE, CHIEF DONALD )
CALIGURI, CAPTAIN DANIEL MATTHEWS, )
SERGEANT JOHN AUFIERO, DANIEL F. REGO, )
JAMES McNALLY, ANTHONY MANZELLI, )
THOMAS LEYNE and JOHN DOE(S), )
    Defendants. )
)

## ANSWER OF DEFENDANT CITY OF SOMERVILLE

Now comes defendant, City of Somerville ("defendant"), and answers the plaintiffs' complaint as follows:

### INTRODUCTION

1. Defendant neither admits nor denies the allegations contained in this paragraph as it is a statement of introduction. To the extent there are factual allegations contained therein, those allegations are denied.

### JURISDICTION

2. Defendant neither admits nor denies the allegations contained in this paragraph as it is a statement of introduction. To the extent there are factual allegations contained therein, those allegations are denied.

3. Defendant has insufficient information to either admit or deny the allegations contained in paragraph 3.

4. Defendant has insufficient information to either admit or deny the allegations contained in paragraph 4.

5. Defendant admits the allegations contained in paragraph 5.

6. Defendant admits the allegations contained in paragraph 6.

7. Defendant admits the allegations contained in paragraph 7.

8. Defendant admits the allegations contained in paragraph 8.

9. Defendant admits the allegations contained in paragraph 9.

10. Defendant admits the allegations contained in paragraph 10.

11. Defendant admits the allegations contained in paragraph 11.

12. Defendant admits the allegations contained in paragraph 12.

13. Defendant has insufficient information to either admit or deny the allegations contained in paragraph 13.

14. Defendant denies the allegations contained in paragraph 14 as they are conclusions of law.

## FACTS

15. Defendant has insufficient information to either admit or deny the allegations contained in paragraph 15.

16. Defendant admits that the plaintiff, Elizabeth Troiani, was assigned to tutor Nocole Erb, a Somerville High School student but have insufficient information to either admit or deny the remainder of the allegations in paragraph 16.

17. Defendant denies the allegations contained in paragraph 17.

18. Defendant denies the allegations contained in paragraph 18.

19. Defendant denies the allegations contained in paragraph 19.

20. Defendant denies the allegations contained in paragraph 20.

21. Defendant denies the allegations contained in paragraph 21.

22. Defendant denies the allegations contained in paragraph 22.

23. Defendant denies the allegations contained in paragraph 23.

24. Defendant denies the allegations contained in paragraph 24.

25. Defendant admits that Officer Lori Murphy of Tufts University was dispatched to the Erb residence on April 5, 2001, but denies the remaining allegations contained in paragraph 25.

26. Defendant denies the allegations contained in paragraph 26.

27. Defendant denies the allegations contained in paragraph 27.

28. Defendant denies the allegations contained in paragraph 28.

29. Defendant admits that Officer Murphy conducted a brief search of the plaintiff but denies the remaining allegations contained in paragraph 29.

30. Defendant admits that Officer Murphy conducted a brief search of the plaintiff but denies the remaining allegations contained in paragraph 30.

31. Defendant denies the allegations contained in paragraph 31.

32. Defendant denies the allegations contained in paragraph 32.

33. Defendant denies the allegations contained in paragraph 33.

34. Defendant denies the allegations contained in paragraph 34.

35. Defendant denies the allegations contained in paragraph 35.

36. Defendant admits the allegations contained in paragraph 36.

37. Defendant admits the allegations contained in paragraph 37.

38. Defendant has insufficient information to either admit or deny the allegations contained in paragraph 38.

39. Defendant has insufficient information to either admit or deny the allegations contained in paragraph 39.

40. Defendant has insufficient information to either admit or deny the allegations contained in paragraph 40.

41. Defendant denies the allegations contained in paragraph 41.

42. Defendant denies the allegations contained in paragraph 42.

43. Defendant denies the allegations contained in paragraph 43.

## COUNT I

44. Defendant reasserts its responses to paragraphs 1-43 as if specifically restated herein.

45. Defendant denies the allegations contained in paragraph 45.

46. Defendant has insufficient information to either admit or deny the allegations contained in paragraph 46.

47. Defendant has insufficient information to either admit or deny the allegations contained in paragraph 47.

48. Defendant denies the allegations contained in paragraph 48.

49. Defendant denies the allegations contained in paragraph 49.

59. Defendant denies the allegations contained in paragraph 50.

51. Defendant denies the allegations contained in paragraph 51.

52. Defendant denies the allegations contained in paragraph 52.

53. Defendant denies the allegations contained in paragraph 53.

54. Defendant denies the allegations contained in paragraph 54.

55. Defendant denies the allegations contained in paragraph 55.

56. Defendant denies the allegations contained in paragraph 56.

57. Defendant denies the allegations contained in paragraph 57.

58. Defendant denies the allegations contained in paragraph 58.

59. Defendant denies the allegations contained in paragraph 59.

## COUNT II

60. Defendant reasserts its answers to paragraph 1-59 as if specifically set forth herein.

61. Defendant denies the allegations contained in paragraph 61.

62. Defendant denies the allegations contained in paragraph 62.

63. Defendant denies the allegations contained in paragraph 63.

## COUNT III.

64. Defendant reasserts its responses to paragraphs 1-63 as if specifically set forth herein.

65. Defendant denies the allegations contained in paragraph 65.

## COUNT IV

66. Defendant reasserts its responses to paragraphs 1-65 as if specifically set forth herein.

67. Defendant denies the allegations contained in paragraph 67.

## COUNT V

68. Defendant reasserts its responses to paragraphs 1-67 as if specifically set forth herein.

69. Defendant denies the allegations contained in paragraph 69.

70. Defendant denies the allegations contained in paragraph 70.

71. Defendant denies the allegations contained in paragraph 71.

## COUNT VI

72. Defendant reasserts its responses to paragraphs 1-71 as if specifically set forth herein.

73. Defendant denies the allegations contained in paragraph 73.

74. Defendant denies the allegations contained in paragraph 74.

75. Defendant denies the allegations contained in paragraph 75.

## COUNT VII

76. Defendant reasserts its responses to paragraphs 1-75 as if specifically set forth herein.

77. Defendant denies the allegations contained in paragraph 77.

78. Defendant denies the allegations contained in paragraph 78.

79. Defendant denies the allegations contained in paragraph 79.

## COUNT VIII

80. Defendant reasserts its responses to paragraphs 1-79 as if specifically set forth herein.

81. Defendant denies the allegations contained in paragraph 81.

82. Defendant denies the allegations contained in paragraph 82.

## FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The force allegedly used by the individual defendants did not rise to the level of a constitutional violation. Therefore, the plaintiff did not suffer any infringement of her constitutional rights, does not have standing to assert her claim, and does not state a claim against this defendant.

## THIRD AFFIRMATIVE DEFENSE

Any injuries or damages that the plaintiff may have suffered, to the extent that they were actually incurred, were caused in whole or in part by her own actions, conduct, wrongful acts, reckless misconduct and negligence.

## FOURTH AFFIRMATIVE DEFENSE

All injuries or damages that the plaintiff may have suffered, to the extent that they were actually incurred, were caused in whole or in part by the violation by the plaintiff of the various statutes, ordinances and regulations governing the conduct of the parties at the time said injuries or damages were sustained.

## FIFTH AFFIRMATIVE DEFENSE

The actions and conduct of the defendant, to the extent they occurred as alleged, were undertaken in the good faith performance of its official duties, and in the reasonable belief that the actions were lawful and authorized, without malice, and were therefore privileged.

## SIXTH AFFIRMATIVE DEFENSE

The plaintiff cannot obtain a punitive damages award against this defendant.

## SEVENTH AFFIRMATIVE DEFENSE

The plaintiff's claims against this defendant under Section 1983 fail to state a claim for relief because they rest upon but one incident.

## EIGHTH AFFIRMATIVE DEFENSE

If the individual officers used any force, they used only such force as they were privileged to use that was reasonably necessary under the circumstances, to subdue the plaintiffs, to maintain and restore order, and to effect her detention.

## NINTH AFFIRMATIVE DEFENSE

The defendant is a municipal corporation and its liability for negligence, if any, under state law, is limited by statute.

### TENTH AFFIRMATIVE DEFENSE

The plaintiff failed to give the defendant proper, adequate or timely presentment or notice of her injuries and claims as required by law under Massachusetts General Laws Chapter 258, and her actions are therefore barred.

### ELEVENTH AFFIRMATIVE DEFENSE

The negligence of the plaintiffs was to some degree the cause of the incidents alleged, and plaintiffs' injuries and damages, if any, should be reduced and diminished in accordance with the law.

### TWELFTH AFFIRMATIVE DEFENSE

The defendant states that the plaintiff was guilty of contributory negligence, and that the damages, if any, recovered by the plaintiff from the defendant should be reduced in proportion to said negligence of the plaintiff in accordance with G. L. c. 231, § 85.

### THIRTEENTH AFFIRMATIVE DEFENSE

The defendant states that the negligence of the plaintiff was greater than the alleged negligence of the defendant and that such negligence of the plaintiff contributed to her alleged damages. Therefore, the plaintiff is barred from recovery in accordance with G. L. c. 231, § 85.

### FOURTEENTH AFFIRMATIVE DEFENSE

If this defendant was negligent in any way, there were subsequent events that intervened which were the proximate active and efficient cause, operating independently, which produced the injuries or damages to the plaintiff such that this defendant is not liable.

### FIFTEENTH AFFIRMATIVE DEFENSE

The defendant states that if the plaintiff suffered damages, as alleged, such damages were caused by someone for whose conduct the defendant was not and is not legally responsible.

### SIXTEENTH AFFIRMATIVE DEFENSE

This defendant asserts its immunities to the state law claims under G.L. c. 258, § 10.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The defendant states that the plaintiff's claims against the defendant are based upon the defendant's alleged exercise of performance or failure to exercise or perform a discretionary function or duty and/or on the defendant's employee's alleged exercise or performance or failure to exercise or perform a discretionary function or duty within the scope of their employment. The plaintiff's claims against the defendant are therefore barred by virtue of G. L. c. 258, §10(b).

### EIGHTEENTH AFFIRMATIVE DEFENSE

The defendant states that the plaintiff's recovery is barred by virtue of G. L. c. 238, §10(j).

### NINETEENTH AFFIRMATIVE DEFENSE

The defendant states that the plaintiff's claims against the defendant are based on the defendant's alleged exercise or performance or failure to exercise or perform a public duty. The plaintiff's claims against the defendant are therefore barred by virtue of the "public duty rule."

### TWENTIETH AFFIRMATIVE DEFENSE

The plaintiffs are not entitled to any pre-judgment interest or attorney's fees against this defendant under their state law claims.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

This court should not exercise its supplemental jurisdiction under 42 U.S.C. 1367, and should dismiss the plaintiffs' pendent state law claims

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The training of police officers by this defendant was, at all times relevant, in accordance with and pursuant to all state laws and regulations concerning the training of police officers.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

This defendant cannot be liable upon a theory of *respondeat superior.*

### TWENTY FOURTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the applicable statute of limitations.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

The plaintiff's claims against the defendant are barred, in whole or in part, by the doctrines of sovereign immunity, qualified immunity and official immunity.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

The plaintiff has failed to mitigate damages.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the doctrine of waiver and estoppel.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The defendant is not liable for any acts that were not taken under the color of state law.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

The plaintiff's claims against the defendant are barred because the defendant was not deliberately indifferent.

### THIRTIETH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred because the defendant cannot be held vicariously liable for the acts of others.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Municipal custom or policy was not the moving force behind any damage or injury which the plaintiff may have suffered.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

The defendant acted at all times reasonably and with due care.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

The defendant acted at all times in good faith.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

The defendant's actions were justified.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

None of the conduct of the defendant alleged constituted a municipal policy, practice, custom or usage, or was committed pursuant to such a policy, practice, custom or usage of the defendant.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

No cause of action would exist against the defendant, in the private realm, and thus there is no liability for its acts as a sovereign and there can be no waiver of sovereign immunity.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

The claims against the defendant are barred because a reasonable person would not have known that the defendant's acts violated the plaintiff's civil rights.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

The defendant owed no lawful duty to the plaintiff that was violated.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

Any harm to the plaintiff was not the result of the breach of any duty by the defendant.

## FORTIETH AFFIRMATIVE DEFENSE

The plaintiff has failed to state a cause of action under 42 U.S.C. section 1983 because the plaintiff has suffered no deprivation of due process in that law affords the plaintiff an adequate remedy.

## FORTY FIRST AFFIRMATIVE DEFENSE

The plaintiff lacks standing to bring this action.

## **JURY DEMAND**

The defendant demands a trial by jury on all counts of the plaintiff's complaint.

CITY OF SOMERVILLE
By its attorney,

_____
David P. Shapiro
Assistant City Solicitor
BBO #565564
Law Department, City Hall
93 Highland Avenue
Somerville, MA 02143
(617) 625-6600, ext. 4400

Dated: June 3, 2004

## CERTIFICATE OF SERVICE

I, David P. Shapiro, certify that on June 3, 2004, a true copy of the above document was mailed, postage prepaid to:

Michael C. Donahue, Esq.
Michael C. Donahue, P.C.
PO Box 610
South Easton, MA 02375

James W. Simpson, Esq.
Merrick, Louison & Costello, LLP
67 Battermarch Street
Boston, MA 02210

_____
David P. Shapiro
Assistant City Solicitor