## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 JUN -4  P 12: 43

U.S. DISTRICT COURT
DISTRICT OF MASS

|  |  |  |
|---|---|---|
| ELIZABETH TROIANI, individually and on behalf of her minor son, PAUL ANTHONY HART, Plaintiffs<br>v.<br>CITY OF SOMERVILLE, CHIEF DONALD CALIGURI, CAPTAIN DANIEL MATTHEWS, SERGEANT JOHN AUFIERO, DANIEL F. REGO, JAMES McNALLY, ANTHONY MANZELLI, THOMAS LEYNE and JOHN DOE(S), Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | **C.A. NO. 04-10639-RWZ** |

## ANSWER OF DANIEL MATTHEWS, DONALD CALIGURI, JOHN AUFIERO AND DANIEL REGO

Now comes defendants, Daniel Matthews, Donald Caliguri, John Aufiero and Daniel Rego ("defendants"), and answer the plaintiffs' complaint as follows:

### INTRODUCTION

1.     Defendants neither admit nor deny the allegations contained in this paragraph as it is a statement of introduction. To the extent there are factual allegations contained therein, those allegations are denied.

### JURISDICTION

2.     Defendants neither admit nor deny the allegations contained in this paragraph as it is a statement of introduction. To the extent there are factual allegations contained therein, those allegations are denied.

3.      Defendants have insufficient information to either admit or deny the allegations contained in paragraph 3.

4.      Defendants have insufficient information to either admit or deny the allegations contained in paragraph 4.

5.      Defendants admit the allegations contained in paragraph 5.

6.      Defendants admit the allegations contained in paragraph 6.

7.      Defendants admit the allegations contained in paragraph 7.

8.      Defendants admit the allegations contained in paragraph 8.

9.      Defendants admit the allegations contained in paragraph 9.

10.     Defendants admit the allegations contained in paragraph 10.

11.     Defendants admit the allegations contained in paragraph 11.

12.     Defendants admit the allegations contained in paragraph 12.

13.     Defendants have insufficient information to either admit or deny the allegations contained in paragraph 13.

14.     Defendants deny the allegations contained in paragraph 14 as they are conclusions of law.

## FACTS

15.     Defendants have insufficient information to either admit or deny the allegations contained in paragraph 15.

16.     Defendants admit that the plaintiff, Elizabeth Troiani, was assigned to tutor Nocole Erb, a Somerville High School student but have insufficient information to either admit or deny the remainder of the allegations in paragraph 16.

17.     Defendants deny the allegations contained in paragraph 17.

18.     Defendants deny the allegations contained in paragraph 18.

19.     Defendants deny the allegations contained in paragraph 19.

20.     Defendants deny the allegations contained in paragraph 20.

21.     Defendants deny the allegations contained in paragraph 21.

22.     Defendants deny the allegations contained in paragraph 22.

23.     Defendants deny the allegations contained in paragraph 23.

24.     Defendants deny the allegations contained in paragraph 24.

25.     Defendants admit that Officer Lori Murphy of Tufts University was dispatched to the Erb residence on April 5, 2001, but denies the remaining allegations contained in paragraph 25.

26.     Defendants deny the allegations contained in paragraph 26.

27.     Defendants deny the allegations contained in paragraph 27.

28.     Defendants deny the allegations contained in paragraph 28.

29.     Defendants admit that Officer Murphy conducted a brief search of the plaintiff but denies the remaining allegations contained in paragraph 29.

30.     Defendants admit that Officer Murphy conducted a brief search of the plaintiff but denies the remaining allegations contained in paragraph 30.

31.     Defendants deny the allegations contained in paragraph 31.

32.     Defendants deny the allegations contained in paragraph 32.

33.     Defendants deny the allegations contained in paragraph 33.

34.     Defendants deny the allegations contained in paragraph 34.

35.     Defendants deny the allegations contained in paragraph 35.

36.     Defendants admit the allegations contained in paragraph 36.

37.     Defendants have insufficient information to either admit or deny the allegations contained in paragraph 37.

38.    Defendants have insufficient information to either admit or deny the allegations contained in paragraph 38.

39.    Defendants have insufficient information to either admit or deny the allegations contained in paragraph 39.

40.    Defendants have insufficient information to either admit or deny the allegations contained in paragraph 40.

41.    Defendants deny the allegations contained in paragraph 41.

42.    Defendants deny the allegations contained in paragraph 42.

43.    Defendants deny the allegations contained in paragraph 43.

## COUNT I

44.    Defendants reassert their responses to paragraphs 1-43 as if specifically restated herein.

45.    Defendants deny the allegations contained in paragraph 45.

46.    Defendants have insufficient information to either admit or deny the allegations contained in paragraph 46.

47.    Defendants have insufficient information to either admit or deny the allegations contained in paragraph 47.

48.    Defendants deny the allegations contained in paragraph 48.

49.    Defendants deny the allegations contained in paragraph 49.

59.    Defendants deny the allegations contained in paragraph 50.

51.    Defendants deny the allegations contained in paragraph 51.

52.    Defendants deny the allegations contained in paragraph 52.

53.    Defendants deny the allegations contained in paragraph 53.

54.    Defendants deny the allegations contained in paragraph 54.

55.    Defendants deny the allegations contained in paragraph 55.

56.    Defendants deny the allegations contained in paragraph 56.

57.    Defendants deny the allegations contained in paragraph 57.

58.    Defendants deny the allegations contained in paragraph 58.

59.    Defendants deny the allegations contained in paragraph 59.

## COUNT II

60.    Defendants reasragph their answers to paragraph 1-59 as if specifically set forth herein.

61.    Defendants deny the allegations contained in paragraph 61.

62.    Defendants deny the allegations contained in paragraph 62.

63.    Defendants deny the allegations contained in paragraph 63.

## COUNT III.

64.    Defendants reassert their responses to paragraphs 1-63 as if specifically set forth herein.

65.    Defendants deny the allegations contained in paragraph 65.

## COUNT IV

66.    Defendants reassert their responses to paragraphs 1-65 as if specifically set forth herein.

67.    Defendants deny the allegations contained in paragraph 67.

## COUNT V

68.    Defendants reassert their responses to paragraphs 1-67 as if specifically set forth herein.

69.    Defendants deny the allegations contained in paragraph 69.

70.    Defendants deny the allegations contained in paragraph 70.

71.    Defendants deny the allegations contained in paragraph 71.

## COUNT VI

72.    Defendants reassert their responses to paragraphs 1-71 as if specifically set forth herein.

73.    Defendants deny the allegations contained in paragraph 73.

74.    Defendants deny the allegations contained in paragraph 74.

75.    Defendants deny the allegations contained in paragraph 75.

## COUNT VII

76.    Defendants reassert their responses to paragraphs 1-75 as if specifically set forth herein.

77.    Defendants deny the allegations contained in paragraph 77.

78.    Defendants deny the allegations contained in paragraph 78.

79.    Defendants deny the allegations contained in paragraph 79.

## COUNT VIII

80.    Defendants reassert their responses to paragraphs 1-79 as if specifically set forth herein.

81.    Defendants deny the allegations contained in paragraph 81.

82.    Defendants deny the allegations contained in paragraph 82.

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The force allegedly used by the individual defendants did not rise to the level of a constitutional violation.  Therefore, the plaintiff did not suffer any infringement of her constitutional rights, does not have standing to assert her claim, and does not state a claim against this defendant.

### THIRD AFFIRMATIVE DEFENSE

Any injuries or damages that the plaintiff may have suffered, to the extent that they were actually incurred, were caused in whole or in part by her own actions, conduct, wrongful acts, reckless misconduct and negligence.

## FOURTH AFFIRMATIVE DEFENSE

All injuries or damages that the plaintiff may have suffered, to the extent that they were actually incurred, were caused in whole or in part by the violation by the plaintiff of the various statutes, ordinances and regulations governing the conduct of the parties at the time said injuries or damages were sustained.

## FIFTH AFFIRMATIVE DEFENSE

The actions and conduct of the defendants, to the extent they occurred as alleged, were undertaken in the good faith performance of their official duties, and in the reasonable belief that the actions were lawful and authorized, without malice, and were therefore privileged.

## SIXTH AFFIRMATIVE DEFENSE

The defendants aver that they acted without malice and with probable cause in detaining the plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

The plaintiff has failed to state a cause of action under 42 U.S.C. section 1983 because the plaintiff has suffered no deprivation of due process in that law affords the plaintiff an adequate remedy.

## EIGHTH AFFIRMATIVE DEFENSE

If the individual officers used any force, they used only such force as they were privileged to use that was reasonably necessary under the circumstances, to subdue the plaintiffs, to maintain and restore order, and to effect her detention.

7

## NINTH AFFIRMATIVE DEFENSE

The plaintiff failed to give the defendant City of Somerville proper, adequate or timely presentment or notice of her injuries and claims as required by law under Massachusetts General Laws Chapter 258, and her actions are therefore barred.

## TENTH AFFIRMATIVE DEFENSE

The plaintiff lacks standing to bring this action.

## ELEVENTH AFFIRMATIVE DEFENSE

The negligence of the plaintiffs was to some degree the cause of the incidents alleged, and plaintiffs' injuries and damages, if any, should be reduced and diminished in accordance with the law.

## TWELFTH AFFIRMATIVE DEFENSE

The defendants state that the plaintiff was guilty of contributory negligence, and that the damages, if any, recovered by the plaintiff from the defendants should be reduced in proportion to said negligence of the plaintiff in accordance with G. L. c. 231, § 85.

## THIRTEENTH AFFIRMATIVE DEFENSE

The defendants state that the negligence of the plaintiff was greater than the alleged negligence of the defendants and that such negligence of the plaintiff contributed to her alleged damages. Therefore, the plaintiff is barred from recovery in accordance with G. L. c. 231, § 85.

## FOURTEENTH AFFIRMATIVE DEFENSE

If defendants were negligent in any way, there were subsequent events that intervened which were the proximate active and efficient cause, operating independently, which produced the injuries or damages to the plaintiff such that this defendant is not liable.

8

FIFTEENTH AFFIRMATIVE DEFENSE

The defendants state that if the plaintiff suffered damages, as alleged, such damages were caused by someone for whose conduct the defendants were not and are not legally responsible.

SIXTEENTH AFFIRMATIVE DEFENSE

This defendants assert its immunities to the state law claims under G.L. c. 258, § 10.

SEVENTEENTH AFFIRMATIVE DEFENSE

The defendants state that the plaintiff's claims against the defendants are based upon the defendants' alleged exercise of performance or failure to exercise or perform a discretionary function or duty within the scope of their employment. The plaintiff's claims against the defendant are therefore barred by virtue of G. L. c. 258, §10(b).

EIGHTEENTH AFFIRMATIVE DEFENSE

The defendants state that the plaintiff's recovery is barred by virtue of G. L. c. 238, §10(j).

NINETEENTH AFFIRMATIVE DEFENSE

The defendants state that the plaintiff's claims against the defendant are based on the defendants' alleged exercise or performance or failure to exercise or perform a public duty. The plaintiff's claims against the defendant are therefore barred by virtue of the "public duty rule."

TWENTIETH AFFIRMATIVE DEFENSE

The plaintiffs are not entitled to any pre-judgment interest or attorney's fees against this defendants under their state law claims.

TWENTY-FIRST AFFIRMATIVE DEFENSE

This court should not exercise its supplemental jurisdiction under 42 U.S.C. 1367, and should dismiss the plaintiffs' pendent state law claims

9

<u>TWENTY-SECOND AFFIRMATIVE DEFENSE</u>

The training of police officers by the defendants was, at all times relevant, in accordance

with and pursuant to all state laws and regulations concerning the training of police officers.

<u>TWENTY-THIRD AFFIRMATIVE DEFENSE</u>

This defendants cannot be liable upon a theory of *respondeat superior.*

<u>TWENTY FOURTH AFFIRMATIVE DEFENSE</u>

The plaintiff's claims are barred by the applicable statute of limitations.

<u>TWENTY-FIFTH AFFIRMATIVE DEFENSE</u>

The plaintiff's claims against the defendants are barred, in whole or in part, by the

doctrines of sovereign immunity, qualified immunity and official immunity.

<u>TWENTY-SIXTH AFFIRMATIVE DEFENSE</u>

The plaintiff has failed to mitigate damages.

<u>TWENTY-SEVENTH AFFIRMATIVE DEFENSE</u>

The plaintiff's claims are barred by the doctrine of waiver and estoppel.

<u>TWENTY-EIGHTH AFFIRMATIVE DEFENSE</u>

The defendants are not liable for any acts that were not taken under the color of state law.

<u>TWENTY-NINTH AFFIRMATIVE DEFENSE</u>

The plaintiff's claims against the defendants are barred because the defendants were not

deliberately indifferent.

<u>THIRTIETH AFFIRMATIVE DEFENSE</u>

The plaintiff's claims are barred because the defendants cannot be held vicariously liable

for the acts of others.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Municipal custom or policy was not the moving force behind any damage or injury which the plaintiff may have suffered.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

The defendants acted at all times reasonably and with due care.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

The defendants acted at all times in good faith.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

The defendants' actions were justified.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

No cause of action would exist against the defendants, in the private realm, and thus there is no liability for its acts as a sovereign and there can be no waiver of sovereign immunity.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

The claims against the defendants are barred because a reasonable person would not have known that the defendants' acts violated the plaintiff's civil rights.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

There was, at all relevant times, probable cause to detain the plaintiff for crimes she committed.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

The defendants owed no lawful duty to the plaintiff that was violated.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

Any harm to the plaintiff was not the result of the breach of any duty by the defendants.

## FORTIETH AFFIRMATIVE DEFENSE

The defendants' actions were pursuant to standard policy and practice and were reasonable and proper.

## FORTY-FIRST AFFIRMATIVE DEFENSE

The defendants say that the plaintiff was rightly detained and that the detention was for a reasonable period of time.

## FORTY-SECOND AFFIRMATIVE DEFENSE

The defendants' actions were performed according to, and protected by law and or legal process and therefore plaintiff cannot recover.

## FORTY-THIRD AFFIRMATIVE DEFENSE

The defendants say that they were privileged in their conduct and acts and therefore the plaintiff cannot recover.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

The defendants are entitled to immunity based on good faith in that the harm suffered by the plaintiff was not a result which a reasonable person in the defendants' position would have known to result from their actions.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

The defendants have qualified immunity from this suit as the alleged acts complained of occurred within the scope of the defendants' official duties and the defendants have no

12

knowledge that said alleged acts were illegal and/or unconstitutional nor were said alleged acts clearly violative of the plaintiff's rights at the time that they were committed.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

The defendants say the plaintiff was rightly detained.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

The defendants say that their conduct, acts and alleged use of force were reasonable and justified and that therefore the plaintiffs cannot recover.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

At all times relevant hereto, defendants were police officers acting within the scope of their authority and if physical contact was made between the defendants and the plaintiff, such conduct was a fair and reasonable exercise of the defendants' police powers and are therefore immune from liability and/or award of monetary damages.

### FORTY-NINTH AFFIRMATIVE DEFENSE

The defendants' conduct or actions was not the proximate cause of the plaintiff's alleged injuries.

WHEREFORE, defendants Daniel Matthews, Donald Calaguri, John Aufiero, and Daniel Rego demand that the complaint be dismissed, and for such other and further relief to which he may be entitled.

## JURY DEMAND

The defendant demands a trial by jury on all counts of the plaintiff's complaint.

THE DEFENDANTS DANIEL MATTHEWS,
DONALD CALIGURI, JOHN AUFIERO, AND
DANIEL REGO,
By their attorney,

David P. Shapiro
Assistant City Solicitor
BBO #565564
Law Department, City Hall
93 Highland Avenue
Somerville, MA 02143
(617) 625-6600, ext. 4400

Dated: June 3, 2004

## CERTIFICATE OF SERVICE

I, David P. Shapiro, certify that on   June 3   , 2004, a true copy of the above document was mailed, postage prepaid to:

Michael C. Donahue, Esq.
Michael C. Donahue, P.C.
PO Box 610
South Easton, MA 02375

James W. Simpson, Esq.
Merrick, Louison & Costello, LLP
67 Battermarch Street
Boston, MA 02210

David P. Shapiro
Assistant City Solicitor

15