UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Elizabeth Troiani,
   Plaintiff(s)

v.                                 Civil Action No. 04-10639-NMG

City of Somerville, et al.,
   Defendant(s)

## MOTION FOR A PROTECTIVE ORDER (ASSENTED TO)

Now come Plaintiff Elizabeth Troiani and moves for a Protective Order governing the disclosure and the use to be made of a certain Confidential Agreement between the Plaintiff Elizabeth Troiani and Tufts University entered to protect the privacy of Troiani and the University.

Plaintiff and Tufts had previously agreed that if discovery of the subject Agreement was sought in future litigation they would act to ensure that disclosure was appropriately restricted by the Court or through a Protective Order, limited to the parties involved and their designated representatives. The City of Somerville has now requested certain documents, which encompass the above referenced Agreement. This Motion by Plaintiff is assented to by Defendants and is designed to ensure confidentiality consistent with the Agreement and Plaintiffs' obligation to disclose relevant documents under Rule 26.

Plaintiff hereby requests the entry of a Protective Order on the terms and conditions as set forth below:

A. Disclosure of the Agreement between Plaintiff and Tufts shall be limited to counsel, to parties and such employees of counsel engaged in clerical work necessary to assist in this matter.

B. Such disclosure of the Agreement may also be made to expert consultants retained for the purposes of this matter, to the extent necessary for such expert to (i) prepare a written opinion; (ii) prepare to testify; (iii) assist outside counsel with the prosecution of this matter, provided that such expert consultant agrees to use those materials solely in connection with this matter.

C. Disclosure may be made to witnesses in the course of deposition or testimony or any person who is being prepared to testify where counsel for defendants has the reasonable and good faith belief that such person will be a witness in this matter and that his examination with respect to the documents is necessary in connection with such testimony;

D. Disclosure may include those court reporters or persons preparing transcript of depositions;

E. All persons to which the Agreement is disclosed or by whom the Agreement is used, including the parties, non parties and their representatives, shall be informed of and agree to be bound by the terms of this Order and shall take all necessary precautions to prevent disclosure and use of the Agreement other than as authorized by this Order.

F. Individuals who are authorized to review the Agreement pursuant to the Protective Order shall hold the Agreement and its contents in confidence and

shall not divulge the contents of the Agreement, either verbally or in writing to any person not otherwise authorized to receive such information under this Protective Order, unless authorized to do so by further Order of the Court, or as required by law.

G. The Agreement between Plaintiff and Tufts, subject to this Protective Order, shall be returned to the producing party upon termination of this matter (or upon written permission of the producing party, destroyed). Termination of this matter shall be construed as of 30 days (thirty days) following a dismissal or the entry of a final judgment, or the expiration of any time frame for appeal of the District Court's judgment.

H. Following conclusion of this litigation, restrictions on communication and disclosure shall continue to be binding upon the parties and all of the persons to whom the Agreement or information contained therein has been communicated or disclosed pursuant to the provisions of this Order or any other Order of the Court.

I. It is not the intention or design of the parties to this Stipulation and Protective Order that production of this confidential agreement to the City of Somerville should create a public record. In the event public record disclosure is sought the City and Plaintiff agree to cooperate to enforce this Stipulation and Order and Plaintiff agrees to move the Court for such enforcement as may be necessary to maintain her privacy and enforce the terms of the Stipulation. The City shall not be required to initiate legal action in connection with any public records request.

                    Respectfully submitted,
                    Elizabeth Troiani, et al,
                    By her Attorney,

                    Michael C. Donahue, P.C.
                    BBO# 128940
                    Michael C. Donahue
                    P.O. Box 610
                    South Easton, MA  02375
                    (508) 238-5501

Assented to:

| For Defendant City of Somerville, et al., | For Defendant McNally, et al., |
|---|---|
| David P. Shapiro, Esq. | James Simpson, Esq. |
| Assistant City Solicitor | BBO# 634344 |
| BBO# 565564 | Merrick, Louison & Costello |
| City of Somerville, Law Department | 67 Batterymarch Street |
| 93 Highland Avenue | Boston, MA  02110 |
| Somerville, MA  02143 | (617) 439-0305 |
| (617) 625-6600 | |

## Certificate of Service

I, Michael C. Donahue, hereby certify that a copy of the foregoing was mailed by first class mail, postage prepaid, this 22nd day of December, 2004 to the following:

Attorney David P. Shapiro
Somerville City Hall—Law Department
93 Highland Avenue
Somerville, MA 02143

Attorney James Simpson
Merrick, Louison & Costello
67 Batterymarch Street
Boston, MA 02110

Michael C. Donahue
BBO #128940
Michael C. Donahue, P.C.
P.O. Box 610
So. Easton, MA 02375
(508) 238-5501

MCD/ejd