UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
ELIZABETH TROIANI,                              *
    Plaintiffs                                  *
                                                 *
VS.                                              *  C. A. NO 04-106939NMG
CITY OF SOMERVILLE, et al                        *
    Defendants                                   *
_____              *

**AFFIDAVIT OF COUNSEL**

Now comes the undersigned and, on oath, deposes and says:

1. My name is Michael C. Donahue, my BBO # is 128940, I am counsel for Plaintiff Elizabeth Troiani in the above referenced case.

2. Pursuant to a report by Magistrate Judge Marianne B. Bowler on December 5, 2005 and pursuant to a Settlement Order of Dismissal entered by this Court on December 5, 2005, Plaintiff agreed to certain terms of a settlement agreement with the City of Somerville and the individual defendants.

3. In specific reliance upon the Order of the Court and other agreements between counsel of record, a Stipulation of Dismissal was entered and filed on December 8, 2005 (see Docket entry 35 and 36).

4.  Throughout December and into January counsel for the City of Somerville and counsel for the Plaintiff worked cooperatively to execute necessary settlement forms including tax documents and exchanged other necessary information to consummate the settlement.

5.  A settlement agreement was presented to Plaintiff and subsequently executed by the Plaintiff on January 19, 2006 and returned to the City of Somerville for signature by Mayor Joseph Curtatone and City Solicitor John Gannon. One of the terms for the settlement agreement was that payment of the first installment would occur on or before January 30, 2006. Another provision of the agreement required parties to cooperate fully in executing any and all supplementary documents appropriate to give full force to the basic terms of the agreement. No response was ever received from the City of Somerville; no executed copy of the settlement agreement was ever received from the City of Somerville.

6.  On or before January 30, 2006 counsel for the Plaintiff contacted Austin Joyce, Esq. counsel of record for the City of Somerville. Mr. Joyce informed the undersigned that he had no

      communication from the City of Somerville as to any progress with respect to the settlement agreement. Attorney Joyce agreed to make such an inquiry of his client.

7. At some subsequent point thereafter, Attorney Joyce informed the undersigned counsel that Somerville had reported there was apparently some delay during payment.  No settlement documents were forthcoming and Attorney Joyce represented that he would endeavor to provide counsel with information as he received it.

8. Through the end of January and into early February no documents were forthcoming.  When the undersigned and Attorney Joyce conferred again, it was reported that it seemed likely that there would be no installment payment, and that the City of Somerville also had not placed the item on the Alderman's agenda for approval prior to January 30.  The first date the appropriation was likely to be considered was February 9, 2006.

9. A review of the Alderman's agenda which is contained on the City's website indicated that the request for the appropriation to fund the settlement had never been placed on any agenda prior to the January 30

      date contained in the settlement agreement for payment.

10. Further discussion between Attorney Joyce and the undersigned transpired in early February in which counsel for the Plaintiff was advised that it appeared from representations from the City that settlement funds would be delayed through February and were not likely be received until at least February 23.

11. Counsel for Plaintiff and counsel for the City continued communication in an effort to resolve this matter and to determine when settlement funds would be forthcoming. Counsel for the City was unable to provide any specific date to Plaintiff's counsel. Early in the week of February 20, 2006 counsel for Plaintiff made further inquiries to Attorney Joyce, who was still unable to provide additional information. On February 24, 2006 counsel for Plaintiff and Attorney Joyce again spoke with respect to the City of Somerville's failure to comply with its settlement obligations and the delay in funding settlement. Plaintiff was advised that Attorney Joyce was making diligent efforts to secure the necessary information.

12. On Friday afternoon February 24, counsel for Plaintiff advised Attorney Joyce that unless the City responded by 6PM on February 24, as to the status of payment, and the status of concluding settlement papers, including a signed agreement by the Mayor and City Solicitor, Plaintiff's counsel would file a motion for Sanctions and Attorney's Fees.

13. To this date, despite numerous conversations between counsel for the Plaintiff and litigation counsel for the City of Somerville, Mayor Joseph Curtatone of the City of Somerville has not executed a settlement agreement and the document has not been approved as to legal form by John Gannon, City Solicitor for the City of Somerville.

14. The Order of the Court was December 5, 2005 and the Settlement agreement was executed by Plaintiff on January 16, 2006.  Plaintiff has been deprived of income to which she would have been entitled out of the settlement proceeds and counsel for Plaintiff has been forced to bring motions which should have been wholly unnecessary had the City of Somerville observed their written obligations and commitments.

Signed subject to the penalties of perjury,


/s/  Michael C. Donahue
Michael C. Donahue